# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1747

_____

Michael C. Cassady

*Plaintiff - Appellant*

v.

Lee County, Iowa; James Sholl; John Farmer, Jail Administrator; Fictitious Party
A; Fictitious Party B; Fictitious Party C

*Defendants - Appellees*

Fort Madison Community Hospital, Nurses and Doctors

*Defendant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: February 14, 2020
Filed: February 25, 2020
[Unpublished]

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Michael Cassady, who was formerly confined as a pretrial detainee at the Lee County Correctional Facility, appeals the district court's[1] adverse grant of summary judgment on his 42 U.S.C. § 1983 claims asserting that defendants were deliberately indifferent to inadequate responses to his seizures by guards at the facility and to delays in his medical and psychiatric treatment. He argues that the district court improperly considered inadmissible evidence, impermissibly resolved factual disputes, and did not view the facts in the light most favorable to him. Cassady also moves to supplement the record on appeal.

Setting aside the evidence Cassady asserts was inadmissible, we conclude that the remaining admissible evidence--viewed in the light most favorable to him--was insufficient to show a constitutional violation. See Jones v. McNeese, 746 F.3d 887, 899-900 (8th Cir. 2014) (where district court relied on inadmissible hearsay evidence at summary judgment, this court reviewed remaining admissible evidence to determine whether it was sufficient to show constitutional violation). Specifically, Cassady did not adduce any verifying medical evidence showing that his medical and psychiatric conditions were detrimentally affected by the alleged inadequacies and delays. See Jackson v. Reibold, 815 F.3d 1114, 1119-20 (8th Cir. 2016) (grant of summary judgment is reviewed de novo; to prevail on deliberate-indifference claim based on delay in medical care, inmate must place verifying medical evidence in record to establish detrimental effect of delay in care). We further conclude that the County could not be liable under section 1983 in the absence of a constitutional violation. See Whitney v. City of St. Louis, 887 F.3d 857, 860-61 (8th Cir. 2018).

Accordingly, we affirm. Cassady's motion to supplement the record is denied as moot.

---

[1]The Honorable Stephen B. Jackson, United States Magistrate Judge for the Southern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).